FILED

SEP 02 2004

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

04-80841

| SECURITIES AND EXCHANGE COMMISSION | : |
| --- | --- |
| Plaintiff, | : JURY TRIAL DEMANDED |
| v. | : |
| CONVERGE GLOBAL, INC., TELEWRX, INC., MICHAEL P. BROWN, JONATHAN G. FINK, and KEITH B. LAGGOS | : CIV-MIDDLEBROOKS |
| | : Civil Action No. _____ |
| Defendants. | : |
| | : MAGISTRATE JUDGE |
| | JOHNSON |

## COMPLAINT

Plaintiff Securities and Exchange Commission ("Commission"), for its Complaint, alleges as follows:

### SUMMARY

1. Defendant Converge Global, Inc. (Converge), a Florida-based company, and its subsidiary, Defendant TeleWrx, Inc. (TeleWrx), engaged in a scheme to defraud purchasers of Converge's over-the-counter Bulletin Board stock by issuing a false press release on June 24, 2002 stating that TeleWrx raised "over $1 million" as a result of its recent weekend "national launch." Defendant Michael P. Brown (Brown), Converge's CEO, and Defendant Jonathan G. Fink (Fink), a purported "consultant" to TeleWrx, drafted and disseminated the false June 24 press release. In addition, in June and July 2002, Defendant Keith B. Laggos (Laggos) illicitly touted TeleWrx in two positive press releases issued, and in one article published by, Money Maker's Monthly, a magazine he owns and publishes, without disclosing that he had been compensated for issuing them.

2.   In addition to the above-mentioned press releases, between approximately April and July 2002, Converge and/or TeleWrx issued at least a dozen more press releases, many of which appeared to cause Converge's trading volume to increase dramatically.

3.   By engaging in the acts and practices alleged in this Complaint, Defendants Converge, TeleWrx, Brown, Fink and Laggos violated the federal securities laws. Specifically, Defendants Converge, TeleWrx, Brown and Fink violated Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder, and Defendant Laggos violated Section 17(b) of the Securities Act of 1933.

4.   Unless enjoined, the Defendants are likely to commit such violations in the future. Accordingly, the Commission seeks: (i) entry of permanent injunctions prohibiting Defendants from further violations of the relevant provisions of the federal securities laws; (ii) civil monetary penalties against all of the Defendants; (iii) disgorgement of ill-gotten gains by Defendant Laggos; (iv) penny stock bars against Brown, Fink and Laggos; and (v) an officer and director bar against Brown.

## JURISDICTION

5.   This Court has jurisdiction over this action pursuant to Section 22(a) of the Securities Act [15 U.S.C. Sec 77v(a)] and Section 27 of the Exchange Act [15 U.S.C. § 78aa] and certain of the transactions, acts, practices and courses of business alleged herein occurred within the Southern District of Florida.

6.   Defendants, directly or indirectly, have made use of the means and instrumentalities of interstate commerce, or of the mails, in connection with the purchase or sale or in the offer or sale of securities and other transactions, acts, practices, and courses of business

alleged herein.

## **DEFENDANTS**

7.  Converge was founded as a Utah corporation in 1985 and maintains its principal place of business in Boca Raton, Florida. Converge is in the telecommunications business. Converge's stock traded on the over-the-counter Bulletin Board during the period at issue and until September 25, 2002, when its shares became ineligible to trade on the Bulletin Board as a result of Converge's failure to comply with the NASD's rule requiring issuers to timely file periodic reports with the Commission. Converge's stock then traded on the Pink Sheets until November 20, 2002, when the company voluntarily de-registered its common stock by filing a Form 15 with the Commission.

8.  TeleWrx is a Florida corporation and operates from the same Boca Raton address as Converge. TeleWrx is a subsidiary of Converge.

9.  Brown, age 37, of Boca Raton, Florida, is one of TeleWrx's founders, and has served as Converge's president, director and CEO since March 2002, and as its CFO since May 2002. Shareholder records indicate that Converge issued Brown 8,200,000 restricted shares of its common stock in approximately April 2002.

10. Fink, age 59, of Los Angeles, California, is an initial and founding shareholder of TeleWrx and is purportedly a consultant to Converge and/or TeleWrx. Shareholder records indicate that Converge and/or TeleWrx issued Fink 600,000 restricted shares of Converge common stock in approximately April 2002.

11. Laggos, age 52, of Homer Glen, Illinois, is the owner and publisher of Money Maker's Monthly, an Illinois-based magazine purportedly directed to the telemarketing industry.

Laggos also owns real property in Florida.

## FACTS

12. On June 10, 2002, Laggos issued a press release through his magazine, Money Maker's Monthly, with the headline "Industry Benchmark Money Maker's Monthly Names TeleWrx, Inc. its Featured Company." The press release quoted Laggos as stating that "TeleWrx is destined for success with all the right components." Laggos received consideration from Converge and/or TeleWrx in connection with touting TeleWrx via the June 10 press release, and failed to disclose it.

13. On June 24, 2002, Converge and TeleWrx issued a materially false and misleading press release which claimed, in the release's headline, that "TeleWrx Inc. Weekend Launch Brings Opening Week Revenue Over $1 Million." At the time that the June 24 release was issued, TeleWrx's "weekend launch" had brought in revenue of no more than approximately $160,000. The release also misrepresented that "nearly 1,000 distributors" had signed up with TeleWrx "by Sunday evening [i.e., June 23.]" At the time that the June 24 release was issued, TeleWrx had signed up no more than approximately 400 distributors.

14. Brown and Fink drafted and disseminated the false June 24 press release on behalf of Converge and TeleWrx. Brown and Fink knew or recklessly disregarded that the June 24 press release was false because they each knew, or should have known, that TeleWrx had not raised over a million dollars and had not signed up nearly 1,000 distributors as of June 24, 2002.

15. On June 25, 2002, Laggos issued another press release through Money Maker's Monthly with the headline "TeleWrx Explosive Launch May Set New Records." Among other things, the release declared that "[m]any companies in network marketing often have explosive

growth. There have been companies in the network marketing industry that have reached a billion dollars faster than Microsoft. TeleWrx is destined to become one of these companies. TeleWrx will do over a million dollars of official business in its first week. By the end of the first year, it will be a surprise if TeleWrx is not operating at a hundred million dollar annual rate. In fact it is quite possible that TeleWrx will reach the billion dollar rate within the first three years." Laggos received consideration from Converge and/or TeleWrx in connection with touting TeleWrx via the June 25 press release, and failed to disclose it.

16. In the July 2002 issue of Money Maker's Monthly, Laggos published a multi-page article concerning, among other things, TeleWrx's "innovative business plan," its "great product offerings" and the "stellar group of people" involved with the company. Laggos received consideration from Converge and/or TeleWrx in connection with touting TeleWrx via the July 2002 Money Maker's Monthly article, and failed to disclose it.

17. Converge and/or TeleWrx compensated Laggos for issuing the June 10 and June 25 press releases and for publishing the July 2002 article. The consideration was comprised of all or some of: (a) approximately 40,000 restricted Converge shares issued to Laggos in about May 2002, and/or (b) approximately $45,000 cash sent via wire transfer from Converge and/or TeleWrx to Laggos between approximately mid-June and mid-July 2002.

18. In addition, on June 4, 2002, six days before issuing the June 10 press release, Laggos purchased approximately $10,000 worth of Converge stock on the open market. Laggos failed to disclose his holding of Converge stock in the June 10 and June 25 press releases and in the July 2002 article.

19. On June 27, 2002, after being contacted by Commission counsel, Brown caused

5

Converge and TeleWrx to issue a press release admitting that the June 24 press release the companies had issued was "incorrect and misleading" and that the weekend launch had raised only $160,000, instead of the $1 million figure announced in the June 24 release.

20. Similarly, after being contacted by Commission counsel, on July 1, 2002, Brown caused Converge and TeleWrx to issue a press release admitting that the projections made by Money Maker's Monthly in its June 25 press release were "grossly overstated, incorrect and misleading."

21. On July 3, 2002, after being contacted by Commission counsel, Laggos issued a press release through Money Maker's Monthly admitting that actual first-week sales by TeleWrx "did not set any records," as the magazine had previously announced on June 25, 2002.

22. In addition to the above-mentioned press releases, between approximately April and July 2002, Converge and/or TeleWrx issued at least a dozen other press releases, many of which appeared to cause Converge's trading volume to increase dramatically. For example, after a press release issued by Converge on May 30, 2002, Converge's share volume increased from 8,500 shares traded on May 29 to 46,000 shares traded on May 30 and to 71,300 shares traded on May 31. After a press release issued by Converge on June 3, 2002, the next trading day, Converge's share volume again increased to 340,000 shares traded that day. Similarly, following a press release issued by Converge on June 19, 2002, Converge's share volume increased to 561,500 shares traded that day, from the previous trading day total of 162,400 shares traded.

23. By knowingly or recklessly engaging in the fraudulent conduct described above, Defendants Converge, TeleWrx, Brown and Fink violated Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act")[15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17

C.F.R. § 240.10b-5].

24. By knowingly or recklessly engaging in the conduct described above, Defendant Laggos violated Section 17(b) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(b)].

25. Defendants' violations involved fraud, deceit or deliberate or reckless disregard of regulatory requirements, and have resulted in substantial losses or significant risk of substantial losses to other persons.

## FIRST CLAIM

### Fraud in Connection with the Purchase or Sale of Securities
### [Violations of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder by Defendants Converge, TeleWrx, Brown and Fink]

26. The Commission repeats and incorporates by reference the allegations in paragraphs 1-25 of the Complaint as if set forth fully herein.

27. Defendants directly or indirectly, acting intentionally, knowingly or recklessly, by use of the means or instrumentalities of interstate commerce or of the mails, in connection with the purchase or sale of securities: (a) employed devices, schemes or artifices to defraud; (b) made untrue statements of material fact or omitted to state a material fact necessary to make the statements made, in light of the circumstances under which they were made, not misleading; or (c) engaged in acts, practices or courses of business which operated as a fraud or deceit upon certain persons, as set forth above, in violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5[17 C.F.R. § 240.10b-5] thereunder.

28. As a result, defendants violated and, unless enjoined, will continue to violate

Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder.

29. Defendants' conduct involved fraud, deceit, or deliberate or reckless disregard of regulatory requirements, and resulted in substantial loss or significant risk of substantial loss to other persons, within the meaning of Section 21(d)(3) of the Exchange Act [15 U.S.C. §78(u)(3)]. Therefore, Defendants are subject to imposition of significant civil penalties.

## SECOND CLAIM

### Fraud in the Touting of Securities
### [Violations of 17(b) of the Securities Act by Defendant Laggos]

30. The Commission repeats and incorporates by reference the allegations in paragraphs 1-25 of the Complaint as if set forth fully herein.

31. Defendant directly or indirectly, acting intentionally, knowingly or recklessly, by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, to publish, give publicity to, or circulate any notice, circular, advertisement, newspaper, article, letter, investment service, or communication which, though not purporting to offer a security for sale, describes such security for a consideration received or to be received, directly or indirectly, from an issuer, underwriter, or dealer, without fully disclosing the receipt, whether past or prospective, of such consideration and the amount thereof, in violation of Section 17(b) of the Securities Act [15 U.S.C. § 77q(b)].

32. As a result, defendant violated and, unless enjoined, will continue to violate Section 17(b) of the Securities Act [15 U.S.C. § 77q(b)].

33. Defendant's conduct involved fraud, deceit, or deliberate or reckless disregard of

regulatory requirements, and resulted in substantial loss or significant risk of substantial loss to other persons, within the meaning of Section 20(d) of the Securities Act [15 U.S.C. §77t(d)]. Therefore, Defendant Laggos is subject to imposition of significant civil penalties.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court issue a final judgment:

### I.

Permanently enjoining Defendants Converge, TeleWrx, Brown and Fink from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 220.10b-5] thereunder.

### II.

Permanently enjoining Defendant Laggos from violating, directly or indirectly, Section 17(b) of the Securities Act [15 U.S.C. § 77q(b)].

### III.

Barring, pursuant to Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)] and Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant Brown from serving as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. §78l].

### IV.

Ordering Defendant Laggos to disgorge his ill-gotten gains, including prejudgment interest, with said monies to be distributed in accordance with a plan of distribution to be ordered by the Court.

## V.

Ordering all Defendants to pay civil money penalties pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] in amounts to be determined by the Court.

## VI.

Ordering a penny stock bar against Defendants Brown, Fink and Laggos, pursuant to the Court's equitable powers and/or Section 603 of the Sarbannes-Oxley Act of 2002 [15 U.S.C. § 77t(g)].

## VII.

Order such other relief as the Court deems just and proper.

Respectfully submitted,

*[signature]*
Walter G. Ricciardi
District Administrator

R. Daniel O'Connor
Senior Trial Counsel
(BBO # 634207)

Silvestre A. Fontes
Senior Trial Counsel
(BBO # 627971)

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
73 Tremont Street
Boston, MA 02108
(617) 573-8979 (O'Connor)
(617) 573-8991 (Fontes)
(617) 424-5940 fax

September 3, 2004



**04-80841 COPY**

JS 44 (Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Securities and Exchange Commission

**DEFENDANTS**
Converge Global, Inc., Telewrx Inc., Michael P. Brown, Jonathan F. Fink, and Keith B. Lagos

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Palm Beach County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

West Palm Beach 04-80841

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Silvestre A. Fontes 617-573-8991
US SEC, 73 Tremont St., Boston, MA 02108

ATTORNEYS (IF KNOWN)

**MAGISTRATE JUDGE JOHNSON**

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, (PALM BEACH), MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only)

FILED SEP -8 2004 CLARENCE MADDOX CLERK, USDC/SDFL/MIA

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- [X] Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

[X] 850 Securities/Commodities/Exchange

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

15 USC 78j(b); 17 CFR 220.10b-5; 15 USC 77q(b)

LENGTH OF TRIAL
via ___ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A CLASS ACTION [ ] UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] YES [ ] NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 9/2/04

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS

Securities and Exchange Commission

### DEFENDANTS

Converge Global, Inc., Telewrx Inc., Michael P. Brown, Jonathan F. Fink, and Keith B. Laggos

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Palm Beach County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Silvestre A. Fontes   617-573-8991
US SEC, 73 Tremont St., Boston, MA 02108

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury - Product Liability | | | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers Liability | | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 371 Truth in Lending | B☐ 690 Other | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | | A☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | B☐ 540 Mandamus & Other | | | A OR B |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | B☐ 550 Civil Rights | A☐ 791 Empl Ret Inc Security Act | A☐ 871 IRS — Third Party 26 USC 7609 | |
| | | B☐ 555 Prison Condition | | | |

### VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

15 USC 78j(b); 17 CFR 220.10b-5; 15 USC 77q(b)

LENGTH OF TRIAL
via ____ days estimated (for both sides to try entire case)

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ YES   ☐ NO

### VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE  9/2/04

SIGNATURE OF ATTORNEY OF RECORD  /s/ Silvestre Fontes

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG JUDGE _____