UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORDIA
(West Palm Beach Division)

C.A. No. 04-80841 – CIV – MIDDLEBROOKS/JOHNSON

SECURITIES AND EXCHANGE COMMISSION,

                          Plaintiff,

                          v.

CONVERGE GLOBAL, INC.,
MICHAEL P. BROWN,
JONATHAN G. FINK, and
KEITH B. LAGGOS

                          Defendants.



FILED by ___ D.C.

AUG 29 2005

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

### FINAL JUDGMENT AS TO DEFENDANT KEITH B. LAGGOS

The Securities and Exchange Commission having filed a Complaint and Defendant Keith B. Laggos having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(b) of the Securities

Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(b)] by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, to publish, give publicity to, or circulate any notice, circular, advertisement, newspaper, article, letter, investment service, or communication which, though not purporting to offer a security for sale, describes such security for a consideration received or to be received, directly or indirectly, from an issuer, underwriter, or dealer, without fully disclosing the receipt, whether past or prospective, of such consideration and the amount thereof.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $11,989.87, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $1,996.77, for a total of $13,986.64.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $ 19,500 pursuant to Section 20(d) of the Securities Act [15 U.S.C. §77t(d)].

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall satisfy his disgorgement, prejudgment interest, and penalty obligations, totaling $33,486.64, by making a payment within ten (10) business days after the entry of this Final Judgment.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the above payment shall be made by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Keith B. Laggos as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. A copy of this correspondence shall be sent to Silvestre A. Fontes, Securities and Exchange Commission, 73 Tremont Street, Suite 600, Boston, MA 02108. If payments are not made within the time allotted, Defendant shall be liable for post-judgment interest on outstanding amounts calculated pursuant to 28 U.S.C. § 1961 and accruing from the date that this Final Judgment is entered.

VI.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that pursuant to the Court's equitable authority and Section 21(d)(6) of the Exchange Act [15 U.S.C. § 78u(d)(6)], Defendant is barred, for a period of five years, from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: Aug 29, 2005

HONORABLE DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE